**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| | : | Criminal No.: | 97-428 (RC) |
| | : | | |
| v. | : | Re Document No.: | 66 |
| | : | | |
| CHRISTINA DENISE DEWS, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING DEFENDANT'S MOTION TO EXPUNGE CRIMINAL RECORD

## I. INTRODUCTION

Christina Denise Dews ("Defendant" or "Ms. Dews"), proceeding *pro se*, moves to expunge the record of her 1997 criminal conviction. The United States (the "Government") opposes the motion, arguing that Ms. Dews failed to identify any statutory authority for expungement or to demonstrate the existence of extraordinary circumstances warranting equitable relief. Ms. Dews filed a reply to the Government's opposition, reiterating that her criminal record continues to hinder her ability to obtain and retain employment, undermining the stability of her family. For the foregoing reasons, the Court finds that Ms. Dews's motion for expungement is denied.

## II. FACTUAL BACKGROUND

On April 4, 2025, Ms. Dews filed her *pro se* motion to expunge criminal record. *See* Def.'s Mot. to Expunge Crim. R. ("Def.'s Mot.") at 2, ECF No. 66. In her motion, Ms. Dews requests the expungement of her criminal record, stemming from an incident that occurred

approximately 28 years ago.[1]  *Id.*  She further states that at the time, she "was a young adult navigating significant personal challenges, including [substance] abuse and lack of support" [as well as homelessness].  *Id.*  According to Ms. Dews, legal intervention, "particularly the involvement of [J]udge [Urbina], was pivotal in changing the trajectory of [her] life."  *Id.*

On November 17, 1997, Ms. Dews entered into a plea agreement with the Government and pled guilty to one count of conspiracy to import narcotics into the United States from Jamaica and one count of possession with intent to distribute cocaine.  *See* Gov't's Opp'n to Def.'s Mot. Expunge Crim. R. ("Gov't Opp'n") at 1, ECF No. 68.  On February 9, 1999, Judge Urbina sentenced Ms. Dews to time served followed by five years of supervised release.  *Id.* However, on May 20, 1999, Judge Urbina revoked Ms. Dews's supervised release and resentenced her to six months of incarceration followed by three years of supervised release.  *Id.* Ms. Dews's supervised release concluded on November 18, 2002.  *Id.*

The Government opposes the motion to expunge, arguing that Ms. Dews "fails to proffer any statutory basis for, or any 'extraordinary circumstances' justifying, her request for equitable relief."  *Id.* at 2.  The Government further notes that "Defendant does not contend that her arrest [nor] convictions were improper, nor does she plead unusual or extraordinary circumstances justifying expungement."  *Id.* at 4.  Instead, Ms. Dews "seeks expungement of her convictions on grounds that it would be useful in her attempt to 'pursue further opportunities to serve [her]

---

[1] Due to the dates of when the incident and conviction occurred, the plea and sentencing documents for this case are not electronically available on the Court's Case Management/Electronic Case File system.  However, their absence does not preclude resolution of this matter, as the Court's authority to grant expungement is not contingent upon the availability of such documents, but rather upon the satisfaction of the statutory criteria governing expungement eligibility.  *See Chastain v. Kelley*, 510 F.2d 1232, 1236 (D.C. Cir. 1975) ("Expungement, no less than any other equitable remedy, is one over which the trial judge exercises considerable discretion.").  Moreover, the applicable statute does not require these documents for the Court to make a determination on expungement.  *Id.*

community and fully realize [her] professional aspirations" *Id*.  The Government argues that the prior "stated basis does not amount to a lack of probable cause, flagrant violation of the Constitution, or other unusual and extraordinary circumstances," and therefore, "her reason is legally insufficient to justify expungement." *Id*.  Moreover, the Government contends that it has a legitimate need to maintain records of arrests and convictions and that "retaining criminal records 'aids in effective law enforcement,' and maintaining records of convictions 'helps preserve uniform sentencing under the United States Sentencing Guidelines' because the sentencing ranges rely in part on a defendant's past criminal history." *Id*. at 6.

Ms. Dews filed a reply to the Government's opposition on April 24, 2025, but she did not address these arguments in her filing.  Def.'s Reply to Gov't Opp'n to Def.'s Mot. Expunge Crim. R. ("Def.'s Reply") at 2, ECF No. 70.  In the letter, Ms. Dews reiterated that she seeks expungement of her criminal case because "[she has] served [her] sentence and fulfilled all restitution requirements, this record continues to significantly impede [her] ability to secure and maintain employment." *Id.*  The brief letter makes no other substantive arguments in support of expungement.

### III.  LEGAL STANDARD

Expungement of criminal records may be authorized by "either federal or state statute." *United States v. Douglas*, 282 F. Supp. 3d 275, 277 (D.D.C. 2017).  In the D.C. Circuit, a district court has jurisdiction over expungement requests when such relief is either (1) required or authorized by statute, or, as relevant here, (2) appropriate in the exercise of the court's inherent equitable powers.  *Doe v. Webster*, 606 F.2d 1226, 1230 (D.C. Cir. 1979).  Specifically, expungement may be granted where it is "necessary and appropriate in order to preserve basic

legal rights." *Livington v. United States,* 759 F.2d 74, 78 (D.C. Cir. 1985) (quoting *Sullivan v. Murphy*, 478 U.S. 938, 968 (D.C. Cir. 1973)).

Courts in this Circuit have emphasized that equitable expungement requires a showing of either (1) a lack of probable cause coupled with specific circumstances, (2) flagrant constitutional violations, or (3) other "unusual and extraordinary circumstances." *Douglas*, 282 F. Supp. 3d at 278. Examples of "unusual and extraordinary circumstances" include arrests that were politically or racially motivated, false or misleading law enforcement testimony, reliance on incorrect legal advice, or arrests based on statutes later declared unconstitutional. *Webster*, 606 F.2d at 1230 nn.10–11. "[E]xpungement of an arrest record is appropriate when serious governmental misbehavior lead[s] to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Id.* at 1231; *see also Carter v. District of Columbia,* 795 F.2d 116, 136 (D.C. Cir 1986) (finding that expungement would be appropriate for an arrest that was held to be without probable cause).

Importantly, there is no general or "nebulous" right to expungement, even when government records are prejudicial, inaccurate, or illegally obtained. *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015). Expungement is only appropriate where a "violation of an established legal right has occurred or is imminent." *Id.* at 536. Absent a statutory basis, expungement is not available in cases involving both a valid arrest and a valid conviction. *Webster*, 606 F.2d at 1230. As such, "[m]erely citing . . . the fact that a criminal record may foreclose or present difficulties in finding employment opportunities does not meet the fundamental requirements of setting out a legally cognizable claim to vindicate rights secured by the Constitution or by statute." *Douglas*, 282 F. Supp. 3d at 278.

4

Furthermore, when a litigant proceeds *pro se*, courts must take particular care to construe the litigant's filings liberally, as such filings are held to less stringent standards than those drafted by lawyers. *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 84 (D.D.C. 2014).

## IV.  ANALYSIS

Ms. Dews seeks expungement of her criminal record in order to pursue career advancement. Def.'s Mot. at 2; Def.'s Reply at 2.  She has fulfilled all conditions of her sentence, including the successful completion of probation and restitution. Gov't Opp'n at 1. However, she does not challenge the legality of her conviction on constitutional grounds, nor does she invoke any statutory authority for the expungement.  Instead, she argues that "the ongoing accessibility of this information, despite the initial sealing of the case, has caused considerable hardship, impacting not only [her] professional prospects but also the stability of [her] family."  Def.'s Reply at 2.

While the Court does not minimize the significant impact that a criminal record can have on one's livelihood and family, expungement is an extraordinary equitable remedy that is rarely granted in the absence of statutory authorization. *Webster*, 606 F.2d at 1230 ("[A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of these cases involved either a lack of probable cause coupled with special circumstance, flagrant violation of the Constitution, or other unusual and extraordinary circumstances.").  Federal courts have uniformly held that expungement may be ordered only in "extreme circumstances" and primarily in cases involving unlawful arrests, flagrant constitutional violations, or egregious governmental misconduct. *Id.*

Here, Ms. Dews does not allege a violation of her rights, assert misconduct by any government official in connection with her arrest or conviction, or claim innocence of the

underlying offense.  Instead, her argument is based solely on the continuing consequences of a lawful conviction—a harm that, though genuine, is legally insufficient under this Circuit's precedent.  Def.'s Mot. at 2; Def.'s Reply at 2; *see also In re Reid,* 569 F. Supp. 2d 220, 222 (D.D.C. 2008).  A criminal record is a common and anticipated barrier to employment, and "collateral employment consequences are a foreseeable result of a conviction."  *See Woods*, 313 F. Supp. 3d at 200.  Courts have repeatedly held that employment and reputational difficulties alone, without more, do not rise to the level of "extraordinary circumstances" warranting expungement.  *See United States v. Evans*, 78 F. Supp. 3d 351, 352 (D.D.C. 2015) ("The difficulty that a criminal conviction poses for a defendant seeking employment is not regarded as an extreme circumstance."); *In re Reid*, 569 F. Supp. 2d at 222 (finding that the inability to secure employment is "insufficient on its own" to justify expungement).

Moreover, because expungement is an equitable remedy, courts must engage in a balancing of interests.  Specifically, the Court must weigh the individual's interest in expungement against the government's legitimate interest in maintaining accurate and accessible criminal records.  *See Webster*, 606 F.2d at 1243 ("Law enforcement authorities have an interest in knowing, for example, that a definite suspect in a crime under investigation has previously been arrested or convicted, especially if for a similar offense.").  Criminal records serve vital purposes, including aiding future law enforcement investigations, informing prosecutorial discretion, and maintaining public safety.  *See* Gov't Opp'n at 5–6.  As the Government emphasizes, retention of conviction records enables law enforcement to investigate and prosecute repeat offenders more effectively and ensures accountability in the criminal justice system.  Gov't Opp'n at 6; *see Webster*, 606 F.2d at 1243.

Ms. Dews's claim, while sympathetic, fails to establish that her harm outweighs this strong governmental interest.  Her submissions do not present any unique or particularly egregious consequences beyond those commonly experienced by individuals with criminal convictions.  Def.'s Mot. at 2; Def.'s Reply at 2.  Accordingly, while the Court acknowledges and does not diminish the obstacles Ms. Dews faces, it finds that her case does not present the type of extreme or extraordinary circumstances required for equitable expungement.  As such, the Court denies Ms. Dews's Motion to Expunge  Criminal Record.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Expunge Criminal Record (ECF No. 66) is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 15, 2025                                    RUDOLPH CONTRERAS
                                                        United States District Judge